# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-KA-00644-SCT

*BRANDON MACKABEE a/k/a BRANDON*
*JACORY MACKABEE a/k/a BRANDON McABEE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/12/2023 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| TRIAL COURT ATTORNEYS: | JEANNENE PACIFIC |
| | DENNIS LEE BISNETTE |
| | KATHERINE BISNETTE SUMRALL |
| | PATRICK LANCE PACIFIC |
| | BRAD RODRICK THOMPSON |
| | KRISTEN E. MARTIN |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 02/06/2025 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**SULLIVAN, JUSTICE, FOR THE COURT:**

¶1.    A jury convicted Brandon Mackabee of fourth-offense driving under the influence (DUI) in the Circuit Court of the Second Judicial District of Jones County.  Mackabee was sentenced to ten years in the custody of the Mississippi Department of Corrections, with two years suspended and two years of post-release supervision.

¶2.     Mackabee's appellate counsel filed a brief pursuant to *Lindsey v State*, 939 So. 2d 743 (Miss. 2005), certifying that she found no issues she could present in good faith to the Court. This Court issued an order allowing Mackabee time to file a pro se supplemental brief, but he elected not to do so.

¶3.     Having viewed the entire record, we do not find any issues that warrant appellate review. As such, we affirm Mackabee's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶4.     On March 26, 2022, Laurel Police Officer Shaymira Morgan stopped a car being driven recklessly. Before she got out of her car, Officer Morgan noticed a lot of movement in the car and saw the car shaking. Two men were in the car. Officer Morgan could see someone jump from the front driver seat to the back seat of the car. Officer Morgan testified that the windows of the car were tinted, but she could still see into the car to see movement. When she confronted the men about switching seats, both denied doing so. Mackabee was seated in the back passenger seat when Officer Morgan got to the driver's side window.

¶5.     Officer Morgan testified that she had no doubt that Mackabee was the driver of the car or that she saw the two men switch places after she initiated the stop. Neither of the men in the car had a driver's license. Mackabee gave incorrect information to Officer Morgan, including his incorrect social security number. Officer Morgan had the men get out of the car.

¶6.     Another officer, Dalton Geiger, was called to the scene to administer a portable breathalyzer test. Officer Morgan testified that both Mackabee and his passenger were over

2

the blood-alcohol limit. Officer Morgan released the passenger from the scene because he was not the driver.

¶7. Mackabee was taken into custody. At the police station, Officer Morgan administered the Intoxilyzer test to Mackabee, and his blood-alcohol content was .14 percent. Because he had a prior conviction for DUI third offense, Mackabee was charged with felony fourth-offense DUI.

¶8. Investigator Jamison Crabtree interviewed Mackabee a few days after his arrest. Mackabee testified that his friend from work, Eric Pena, was driving the car when they were stopped. They had just taken another coworker home, so Mackabee was still in the back seat. Mackabee admitted that he had been drinking earlier that day, which is why he said he was not driving; however, Crabtree testified that Mackabee did not deny driving the car when he was stopped. Mackabee's responses to Crabtree indicated that he was in fact the driver.

¶9. The jury found Mackabee guilty of fourth-offense DUI. The trial court sentenced Mackabee to ten years with two years suspended and two years of post-release supervision.

### DISCUSSION

¶10. When counsel believes there are no appealable issues, the attorney must do the following as prescribed in *Lindsey*:

> (1) . . . [F]ile and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a) (1)-[(5), (8)];
>
> (2) . . . [C]ertify [in the brief] that there are no arguable issues supporting the client's appeal and [that the attorney] has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of

3

the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing[; and]

(3) . . . [S]end a copy of the brief to the defendant, inform the [defendant] that counsel could find no arguable issues in the record, and advise the [defendant] of his or her right to file a pro se brief.

*Marbley v. State*, 382 So. 3d 498, 501 (Miss. 2024) (alterations in original) (quoting *Woodson v. State*, 292 So. 3d 221, 223 (Miss. 2020)).

¶11. Mackabee did not file a pro-se brief, and we find that Mackabee's counsel has complied with *Lindsey*'s requirements. Upon review of the record, we have identified no arguable issue that warrants reversal. Therefore, we affirm Mackabee's conviction and sentence.

¶12. **AFFIRMED.**

　　**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS AND BRANNING, JJ., CONCUR**